UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BRIDSON,

                               Plaintiff,                             Case No. 13-cv-14306

v                                                    Honorable Thomas L. Ludington

COUNTY OF IOSCO,

                             Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR COSTS,
STAYING THE CASE AND CANCELLING HEARING**

In 2010 Plaintiff Michael Bridson filed suit against Iosco County and the Iosco County Sheriff's Department. Bridson's 2010 complaint alleged violations of the Fourteenth and Eighth Amendments as well as a claim for breach of contract. Later that same year, the parties voluntarily dismissed the claims against the defendants without prejudice by stipulation.

Bridson subsequently filed suit against Iosco County in 2013, asserting the same claims as his 2010 lawsuit. On January 31, 2014, Defendant filed a motion for costs of the previously dismissed lawsuit. ECF No. 7. Because the two lawsuits are nearly identical, the Court will stay the case and impose costs on Bridson pursuant to Rule 41(d).

Defendant's motion for costs is set for hearing on March 26, 2014. The parties' papers provide sufficient information about the facts and law underlying the motion. Accordingly, the hearing is unnecessary and will be canceled. E.D. Mich. LR 7.1(f).

**I**

In 2006, Bridson was employed as an Undersheriff in the Iosco County Sheriff's Department. Compl. ¶ 11. During his employment, Bridson was accused of recording telephone

conversations, and criminal charges were brought against him. *Id.* ¶ 12. The Iosco County Sheriff encouraged Bridson to plead guilty, and promised that Bridson would be able to continuing working with the Sheriff's Department if he did so. *Id.* ¶ 14.

After Bridson accepted a plea agreement, he tendered his resignation on May 25, 2007, relying on the Sheriff's promise that he would be immediately rehired as a Captain. *Id.* ¶ 18. On June 21, 2007, however, the Sheriff advised Bridson that he would no longer receive any benefits or pay from his anticipated job as Captain. *Id.* at ¶ 19. Bridson instead returned to the Sheriff's Department in a clerical role. *Id.* ¶ 20.

After Bridson resumed working in the Sheriff's Department, the Iosco County Attorney realized that Bridson was violating the terms of his probation by working for the Sheriff's Department and "supervising county employees." *Id.* ¶ 26. Bridson was subsequently found guilty of violating his probation and sentenced to four months in jail. *Id.* ¶ 29.

On July 27, 2010, Bridson filed suit against Iosco County and the Iosco County Sheriff's Department. Bridson alleged three claims against the defendants. First, the defendants violated the Fourteenth Amendment by inducing Bridson into performing work that led to violation of his probation and incarceration. Second, the defendants violated the Eighth Amendment by acting "with deliberate indifference" to Bridson's rights. Finally, the Defendants breached the contract with Bridson by not providing him with the job promised. About five months after filing the complaint, the parties stipulated to dismissal of the action without prejudice and without costs or attorney fees to either party.

On October 10, 2013, Bridson filed suit again—though only Iosco County was named as a Defendant. Bridson's 2013 complaint alleged the same three causes of action as his 2010 complaint: (1) violation of the Fourteenth Amendment; (2) violation of the Eighth Amendment;

and (3) breach of contract. The 2013 claims were also based on the same conduct as the original 2010 complaint—that the Sheriff's Department induced Bridson to violate his probation, that the resulting incarceration violated his rights, and that the Sheriff's Department breached its contract by refusing to hire Bridson as a Captain. On January 14, 2014, the parties stipulated to the dismissal of the two constitutional claims, leaving only the breach of contract claim.[1]

## II

Pursuant to Federal Rule 41(d), if a plaintiff who has dismissed an action in any court commences a second action on the same claims against the same defendant, the court may require the payment of costs in the prior action before proceeding with the second action. Allowing the imposition of costs for the previous suit is intended to prevent forum shopping and vexatious litigation. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

Rule 41(d) applies only when (1) the first action was dismissed by the plaintiff voluntarily, and (2) the second action is based on the same claims against the same defendants. Here, Bridson's 2010 action against Iosco County was voluntarily dismissed without prejudice via stipulation, thereby satisfying the first requirement.[2] *See Bridson v. Iosco County*, 10-cv-12970, ECF No. 10.

As to the second requirement, Bridson's second action is based on almost identical claims to the first. Although the 2010 action included Iosco County Sheriff's Department as a defendant, the claims and the parties in the 2010 lawsuit are otherwise identical to those in the 2013 action. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) ("costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical,

---

[1] According to Defendant Iosco County, the parties agreed to dismiss the federal claims because the statute of limitations for those claims had already expired. Mot. for Costs 4.
[2] The dismissal of the first action does not have a res judicata effect because the dismissal was without prejudice. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 627 (6th Cir. 2000).

claim and has requested identical, or nearly identical, relief"). Both suits arise out of the same set of circumstances: the Iosco Sheriff allegedly made promises that Bridson would retain his job if he pleaded guilty to a criminal charge. Compl. ¶ 13/14. The complaints allege the same three causes of actions: (1) violation of substantive due process under the Fourteenth Amendment; (2) violation of the Eighth Amendment; and (3) breach of contract. The two complaints also seek identical relief: loss of earnings, loss of fringe benefits, loss of reputation, physical pain and suffering, and mental anguish.

The two actions are thus almost identical—the only difference is that the Iosco County Sheriff's Office is not a named defendant in the second action. But when a Sheriff is sued in his official capacity, "[the Sheriff] *is* the County." *Vine v. County of Ingham*, 884 F. Supp. 1153, 1159 (W.D. Mich. 1995) (citing *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)). Therefore, the two defendants in the 2010 action—Iosco County and the Iosco County Sheriff's Department—were, for purposes of liability, the same party. Accordingly, the Sheriff's Office's nominal absence in the second action is not enough to defeat an award of costs.

**A**

Although costs are recoverable under Rule 41(d), the Court has the discretion whether to actually award costs to Defendant. A defendant need not show that the plaintiff acted in "bad faith" in dismissing the first lawsuit to recover under Rule 41(d). *Williamson v. Aetna Life Ins. Co.*, 2005 WL 2373434, at *2 (W.D. Tenn. Sept. 26, 2005). However, the imposition of costs may be warranted when the plaintiff's claims are groundless. *See id.*, *United Rentals (North America), Inc. v. Nardi*, 2002 WL 32173531, at *1 (D. Conn. Sept. 23, 2002).

Iosco County claims that Bridson's claim for breach of contract is "frivolous" because the statute of limitations has already run on the claim. In Michigan, the statute of limitations for

breach of contract claims is six years. Mich. Comp. Laws § 600.5807(8). Defendant argues that the breach of contract claim accrued on June 18, 2007, at the latest, and therefore the six-year statute of limitations had already passed when Bridson filed his second complaint on October 21, 2013. Bridson does not dispute that the breach of contract claim accrued in 2007, but nonetheless argues that "[t]here was no forum shopping or tactical advantage gained by Plaintiff's subsequent suit." Resp. 4.

Because Bridson has not disputed Defendant's assertion that the breach of contract claim is barred by the statute of limitation, the Court believes that the imposition of costs under Rule 41(d) is warranted.

**B**

The next step is to determine what costs are recoverable under Rule 41(d). Defendant seeks costs amounting to $26,468.50, and requests that the Court stay this action until those costs are paid in full. This amount equals the costs Defendant incurred in defending the first action, including attorney fees.

The Sixth Circuit has held, however, that attorney fees are not recoverable as "costs" under Rule 41(d). *See Rogers*, 230 F.3d at 875. Therefore, the Court cannot grant Defendant the full amount it seeks. According to Defendant's itemized invoices, only $872.00 of Defendant's claimed costs are recoverable.  Consequently, the Court will impose costs of $872.00 on Bridson.

**III**

In sum, the imposition of costs is permissible under Rule 41(d) because Bridson has filed an almost identical lawsuit after voluntarily dismissing the first lawsuit without prejudice. The Court, in its discretion, will stay the instant litigation and award Defendant costs associated with the previous lawsuit.

Accordingly it is **ORDERED** that Defendant's Motion for Costs (ECF No. 7) is **GRANTED IN PART**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to pay Defendant $872.00 in costs.

It is further **ORDERED** that the instant litigation is **STAYED** until Plaintiff pays the costs to Defendant.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a motion to lift the stay once Plaintiff has paid the costs to Defendant.

It is further **ORDERED** that the hearing on Defendant's Motion for Costs set for March 26, 2014, is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 7, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

- 6 -