UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BRIDSON,

      Plaintiff,      Case No. 13-cv-14306

v                Honorable Thomas L. Ludington

COUNTY OF IOSCO,

      Defendant.
_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, CANCELING HEARING, DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

In 2010 Plaintiff Michale Bridson filed suit against Iosco County and the Iosco County Sheriff's Department. Bridson's 2010 complaint alleged violations of the Fourteenth and Eighth Amendments, as well as a claim for breach of contract. Later that same year, the parties voluntarily dismissed the claims against the defendants without prejudice by stipulation.

Bridson subsequently filed the instant suit against Iosco County in October 2013, asserting the same claims as in his 2010 lawsuit. On January 14, 2013, the parties stipulated to dismissal of Bridson's federal claims—leaving only a state-law claim for breach of contract.

On September 16, 2014, the Court directed briefing on the issue of whether the statute of limitations had run on Bridson's breach of contract claim. Bridson—relying solely on Michigan state law—claims that the applicable statute of limitations was tolled during the pendency of his 2010 lawsuit. Defendants—relying on federal and state law—claim that the statute of limitations was not tolled. Because the only remaining claim is a state-law breach of contract claim, and because the issue presented by Defendants' motion for summary judgment presents a complex

issue that may involve state law, the Court will deny Defendant's motion without prejudice and dismiss the case without prejudice, so that Bridson may bring his state-law claim in state court.

I

In 2006, Bridson was employed as an Undersheriff in the Iosco County Sheriff's Department. Compl. ¶ 11, ECF No. 1. During his employment, Bridson was accused of recording telephone conversations of subordinate employees, and criminal charges were brought against him. *Id*. at ¶ 12. The Iosco County Sheriff encouraged Bridson to plead guilty, and he promised Bridson would be able to continue working with the Sheriff's Department if he did so. *Id*. at ¶ 14.

After Bridson accepted a plea agreement in his criminal case, he tendered his resignation on May 25, 2007, relying on the Sheriff's promise that he would be immediately rehired as a Captain. *Id*. at ¶ 18. On June 21, 2007, however, the Sheriff advised Bridson that he would no longer receive any benefits or pay from his anticipated job as Captain. *Id*. at ¶ 19. Bridson instead returned to the Sheriff's Department in a clerical role. *Id*. at ¶ 20.

After Bridson resumed working in the Sheriff's Department, the Iosco County Attorney realized that Bridson was violating the terms of his probation by working for the Sheriff's Department and "supervising county employees." *Id*. at ¶ 26. Bridson was subsequently found guilty of violating his probation and sentenced to four months in jail. *Id*. at ¶ 29.

On July 27, 2010, Bridson filed suit against Iosco County and the Iosco County Sheriff's Department in this Court. *See Bridson v. Iosco County, et al.*, 1:10-cv-12970. Bridson alleged three claims against the defendants. First, the defendants violated the Fourteenth Amendment by inducing Bridson into performing work that led to violation of his probation and incarceration. Second, the defendants violated the Eighth Amendment by acting "with deliberate indifference"

to Bridson's rights. Finally, the Defendants breached the contract with Bridson by not providing him with the job promised. About five months after filing the complaint, the parties stipulated to dismissal of the action without prejudice and without costs or attorney fees to either party.

On October 10, 2013, Bridson filed suit again in this Court—though only Iosco County was named as a Defendant. Bridson's 2013 complaint alleged the same three causes of action as his 2010 complaint: (1) violation of the Fourteenth Amendment; (2) violation of the Eighth Amendment; and (3) breach of contract. The 2013 claims were also based on the same conduct as the original 2010 complaint—that the Sheriff's Department induced Bridson to violate his probation, that the resulting incarceration violated his rights, and that the Sheriff's Department breached its contract by refusing to hire Bridson as a Captain. On January 14, 2014, the parties stipulated to the dismissal of the two federal claims, leaving only the breach of contract claim. *See* Stipulation and Order, ECF No. 6.

**II**

Before addressing the merits of Defendant's motion, this Court must address whether it continues to have subject matter jurisdiction over Bridson's state-law claim. The federal claims have been voluntarily dismissed by Bridson. The only remaining claim is a state-law breach of contract claim.

The Court has supplemental jurisdiction over Bridson's state law claim because it forms part of the same controversy as Bridson's federal claims. *See* 28 U.S.C. § 1367(a). However, this Court may decline to exercise supplemental jurisdiction if:

(1)  the claim raises a novel or complex issue of State law,

(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

>   (3)     the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over the state law claims rests within the Court's discretion.  *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002).[1]  However, the dismissal of the claim over which the federal court had original jurisdiction creates a presumption in favor of dismissing without prejudice any state-law claims that accompanied it to federal court.  *Id*. at 863.  In addition, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Thus, although this Court has jurisdiction, there is a presumption that Bridson's state-law claim should be dismissed without prejudice because the federal claims have already been dismissed.  Indeed, in its reply, Defendant urges this Court to do just that: dismiss the state-law claims without prejudice so that Bridson can proceed in state court.

Here, Bridson's state-law claim should be dismissed without prejudice because at least two of the § 1367(c) considerations have been met.  First, as noted above, Bridson's federal claims have already been dismissed, leaving only his state-law breach of contract claim.  28 U.S.C. § 1367(c)(3).  Thus, there is already a presumption that the state-law claim should be dismissed without prejudice.

---

[1] As a note, some district courts have concluded that whenever the federal claims have been dismissed, they are automatically divested of subject matter jurisdiction.  Without a federal law claim, the Court lacks jurisdiction over pendent state claims and must dismiss the action.  *Molina-Parrales v. Shared Hosp. Services Corp.*, 992 F. Supp. 2d 841, 855 (M.D. Tenn. 2014) (citing *Wal-Juice Bar, Inc. v. Elliot*, 899 F.2d 1502, 1504 (6th Cir. 1990)).

Second, Defendants' motion raises a complex issue of State law.  28 U.S.C. § 1367(c)(1). The parties agree that Michigan's breach of contract statute provides the applicable statute of limitations for Bridson's claim.  *See* Mich. Comp. Laws § 600.5856 (providing that plaintiffs have six years in which to bring a breach of contract claim).  They dispute, however, whether the dismissal of Bridson's first federal lawsuit pursuant to Federal Rule of Civil Procedure 41(a) tolled the Michigan statute of limitations.  Defendant, applying federal law, contends that the Bridson's lawsuit is treated "as if the plaintiff's lawsuit had never been brought." Reply 1-2, ECF No. 17 (quoting *Robinson v. Willow Glen Academy*, 895 F.2d 1168, 1169 (7th Cir. 1990). And, Defendant continues, because the first lawsuit is treated as if it had never been filed, it cannot toll the Michigan statute of limitations.

Bridson, in contrast, contends that state law governs the entire issue.  Bridson cites Mich. Comp. Laws § 600.5856 for the proposition that a prior lawsuit dismissed without an adjudication on the merits—such as Bridson's first lawsuit—tolls the Michigan statute of limitations.

A review by the Court does not reveal any federal or Michigan state courts that have addressed this issue: which law—federal or state—applies when determining whether the Michigan statute of limitations was tolled.  And because this is a complex issue that may concern State law, the better approach would be to dismiss Bridson's state law claim without prejudice.

### III

The issue presented on Defendants' motion for summary judgment is more appropriate for resolution by the state court system, and therefore this Court declines to exercise its supplemental jurisdiction.  Because a hearing would not aid significantly in the disposition of this motion, the December 3, 2014 hearing will be canceled.

Accordingly, it is **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the December 3, 2014 hearing is **CANCELED.**

It is further **ORDERED** that this Court **DECLINES** to exercise supplemental jurisdiction.

It is further **ORDERED** that Count Three—Breach of Contract in Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

This is a final order and closes the case.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: October 21, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2014.

        s/Tracy A. Jacobs
        TRACY A. JACOBS